**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **JERRY MORGAN and** | * | |
| **EMMA MORGAN,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **Case No. 3:07-cv-276** |
| | * | |
| **STANLEY SHAW and** | * | **Formerly Chambers County** |
| **GORDON BROWN,** | * | **Circuit Court Case No: CV-06-224** |
| | * | |
| | * | |
| **Defendants.** | * | |

<u>**ANSWER**</u>

COMES NOW Defendant Stanley Shaw, by and through counsel and in response to the Complaint states as follows:

1.    Admitted.

2.    Admitted.

3.    This Defendant denies the averments set forth in paragraph three and demands strict proof thereof.

4.    Admitted.

5.    The Defendant denies the averments and allegations set forth in paragraph five and demands strict proof thereof. The Defendant denies that the contract attached to the complaint as exhibit "A" is a true and correct copy of any operative contract and demands strict proof thereof.

6.    This Defendant denies the allegations set forth in paragraph six and demands strict proof thereof.

7.    This Defendant denies the allegations set forth in paragraph seven and demands strict proof thereof.

8.    This Defendant denies the allegations set forth in paragraph eight and demands strict proof thereof.

9.    This Defendant denies the allegations set forth in paragraph nine and demands strict proof thereof.  This Defendant avers that any applicable contract speaks for itself.

10.    This Defendant admits that he maintained a policy of rental dwelling insurance on the subject premises.    Otherwise, this Defendant denies the allegations set forth in paragraph ten and demands strict proof thereof.

11.    This Defendant denies the allegations set forth in paragraph eleven and demands strict proof thereof.

12.    This Defendant denies the allegations set forth in paragraph twelve and demands strict proof thereof.  This Defendant avers that any applicable contract speaks for itself.

13.    This Defendant denies the allegations set forth in paragraph thirteen and demands strict proof thereof.  This Defendant avers that any applicable contract speaks for itself.

14.    This Defendant lacks sufficient information to admit nor deny the allegations set forth in paragraph fourteen at this time, hence denied.

15. This Defendant denies the allegations set forth in paragraph fifteen and demands strict proof thereof.

16. This Defendant denies the allegations set forth in paragraph sixteen and demands strict proof thereof.

17. This Defendant denies the allegations set forth in paragraph seventeen and demands strict proof thereof. This Defendant avers that any applicable contract speaks for itself.

18. This Defendant lacks sufficient information to admit or deny the averments set forth in paragraph eighteen at this time, hence denied.

19. This Defendant denies the allegations set forth in paragraph nineteen and demands strict proof thereof. This Defendant avers that the applicable contract speaks for itself.

20. This Defendant denies the allegations set forth in paragraph twenty and demands strict proof thereof.

21. This Defendant denies the allegations set forth in paragraph twenty-one and demands strict proof thereof.

22. This Defendant denies the allegations set forth in paragraph twenty-two and demands strict proof thereof.

23. This Defendant denies the allegations set forth in paragraph twenty-three and demands strict proof thereof.

24. This Defendant denies the allegations set forth in paragraph twenty-four and demands strict proof thereof.

25.   This Defendant denies the allegations set forth in paragraph twenty-five and demands strict proof thereof.

26.   This Defendant avers that paragraph twenty-six requires no response.

27.   This Defendant denies the allegations set forth in paragraph twenty-seven and demands strict proof thereof.

28.   This Defendant denies the allegations set forth in paragraph twenty-eight and demands strict proof thereof.

29.   This Defendant denies the allegations set forth in paragraph twenty-nine and demands strict proof thereof.

30.   This Defendant denies the allegations set forth in paragraph thirty and demands strict proof thereof.

31.   This Defendant denies each and every material allegation set forth in Count I and demands strict proof thereof.

32.   This Defendant denies each and every material allegation set forth in Count II and demands strict proof thereof.

33.   This Defendant denies each and every material allegation set forth in Count III and demands strict proof thereof.

34.   This Defendant denies each and every material allegation set forth in the Complaint, not herein admitted, and demands strict proof thereof.

35..  This Defendant affirmatively avers that the Complaint, and Counts I, II, and III thereof, fail to state a claim upon which relief may be granted.

36. This Defendant affirmatively pleads the Plaintiffs defaulted on payment of the contract, causing it to lapse.

37. This Defendant affirmatively avers that the contract made the subject of the Complaint is void and/or voidable.

38. This Defendant affirmatively pleads the Complaint fails to join a party pursuant to Rule 19, F.R.Civ.P.

39. This Defendant affirmatively avers that the venue of this matter is improper in the Circuit Court of Chambers County, Alabama; it is proper in the United States District Court for the Middle District of Alabama, Eastern Division.

40. This Defendant affirmatively avers that the Plaintiffs may not recover punitive damages for breach of contract, specific performance, or any equitable or contract-related claims.

41. This Defendant affirmatively avers that the Plaintiffs may not recover damages for mental anguish and/or suffering for specific performance, breach of contract or any equitable or contract-related claims.

42. This Defendant affirmatively pleads the Plaintiffs are not entitled to recover attorney's fees for any claim set forth in the Complaint.

43. This Defendant affirmatively avers that the contract attached to the Complaint as exhibit "A" is not a true and accurate copy of any operative contract which existed between the parties to this suit.

44. This Defendant affirmatively pleads judicial esstoppel, or any other relief to which he may be entitled arising out of any bankruptcy proceeding to which either Plaintiff was a party.

45. This Defendant affirmatively pleads waiver and/or esstoppel.

46. This Defendant affirmatively pleads failure of consideration.

47. This Defendant affirmatively pleads failure of the Plaintiffs to perform their obligations pursuant to the contract made the subject of this suit.

48. This Defendant affirmatively avers the Plaintiffs lack standing to bring this cause of action.

49. This Defendant affirmatively pleads lack of consideration.

50. This Defendant affirmatively pleads the Plaintiffs failed to mitigate their damages.

51. This Defendant affirmatively pleads he is entitled to a credit or setoff for any payment or indemnifications the Plaintiffs have or will receive from any insurer or other collateral source.

52. This Defendant affirmatively pleads the statute of frauds.

53. This Defendant affirmatively pleads fraud on the part of the Plaintiffs.

54. This Defendant affirmatively pleads the Plaintiffs are not entitled to have punitive damages determined by a jury.

55. This Defendant affirmatively pleads any other matter constituting an avoidance or affirmative defense.

56. This Defendant affirmatively pleads unclean hands.

57. This Defendant affirmatively avers that the relevant, operative contract, if any, existing between parties to the suit is the best evidence of its contents and is pleaded herein as though copied in its entirety. This Defendant specifically denies any allegations which tend to contradict, contravene, or enlarge upon the terms, exclusions or limitations of said contract.

58. This Defendant affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the applicable contract, if any, as a defense to the Plaintiffs' claims.

59. This Defendant affirmatively pleads the applicable statute of limitations.

60. This Defendant affirmatively pleads laches.

61. This Defendant affirmatively avers that specific performance cannot be enforced against him pursuant to ALABAMA CODE §8-1-40 (1975).

62. This Defendant affirmatively pleads any obligations which may not be specifically enforced pursuant to ALABAMA CODE §8-1-41 (1975).

63. This Defendant affirmatively avers that the Plaintiffs have not fully and fairly performed all conditions precedent, hence specific performance may not be enforced pursuant to ALABAMA CODE §8-1-42 (1975).

64. This Defendant affirmatively pleads failure of mutuality pursuant to ALABAMA CODE §8-1-43 (1975).

65. This Defendant affirmatively pleads any and all defense available pursuant to ALABAMA CODE §§8-1-40 through 8-1-47 (1975).

66.  This Defendant denies any conduct for which punitive damages may be recovered.

67.  This Defendant affirmatively avers that imposing damages for mental anguish or emotional distress is unconstitutional under the United States Constitution and the Constitution of the State of Alabama. Current Alabama procedures relative to damages for mental anguish and emotional distress provide no objective, logical or reasonable standards or criteria to govern the award of such damages; therefore this Defendant are denied due process and equal protection of the laws as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 10, 11, 13 and 22 of the Alabama Constitution (1901) separately and severally.

68.  This Defendant affirmatively avers that there are no procedural safeguards for the imposition of damages for emotional distress and mental anguish. Therefore, because such damages are left to the discretion of the jury, any such award would be improper and unconstitutional.

69.  This Defendant denies engaging in any conduct for which punitive damages may be recovered.

70.  Plaintiffs= claim for punitive damages against Defendant  is unconstitutional in violation of both the United States Constitution and the Constitution of Alabama for the following reasons:

(a)   The imposition of punitive damages against this Defendant without specific standards for the award of punitive damages violates equal protection and due process of law.

(b)   The standards provided to juries to assess punitive damages in the State of Alabama are void for vagueness and in violation of equal protection and due process of law.

(c)   The imposition of punitive damages against this Defendant should require substantial evidence that this Defendant engaged in intentional or malicious conduct.   Punitive damages should not be recovered for any conduct less than intentional or malicious.

(d)   The current judicial procedure for the review of and award of punitive damages is meaningless and illusory and violates equal protection and due process of law.  There are not sufficient standards of review to comport with due process and equal protection.

71. This Defendant affirmatively avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant  under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

72. This Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to Defendant   under the Sixth Amendment to the Constitution of the United States.

73. This Defendant affirmatively avers that they are violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages which are penal in nature yet compel this Defendant to disclose potentially incriminating documents and evidence.

74. Plaintiffs= claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)  It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

75. Plaintiffs= claim of punitive damages violates the Due Process Clause of Article I, ' 6 of the Constitution of Alabama for the same grounds as stated above.

76. The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

77. The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, ' 22 of the Constitution of Alabama.

78. The Complaint fails to state a claim for punitive damages under '' 6-11-20 to 6-11-30, <u>Ala. Code</u>, 1975, and is barred.

79. The recovery of punitive damages by the Plaintiffs in this case is subject to the limitations enacted by the Alabama Legislature and set forth in <u>Alabama Code</u> ' 6-11-21.  Defendant submit that those legislative enactments are still in force and effect and that the Alabama Supreme Court cannot abolish said limitations by judicial action.

80. Any award of punitive damages against Defendant  in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on the following grounds:

(a)    It is a violation of this Defendant=s rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b)    It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c)    It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d)    It is a violation of this Defendant=s  rights to due process to impose punitive damages which are grossly excessive.

81. Any award of punitive damages against Defendant in this action would violate the due process clause of the Fourteenth Amendment of the United States Constitution, in accordance with the decision of the United States Supreme Court in *State Farm Mutual Automobile Insurance Company v. Campbell,* 123 S.Ct. 1513, 155 L.Ed. 585 (2003).

82. This Defendant avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to Code of Alabama ' 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

83 This Defendant reserves the right to plead such other avoidances or affirmative defenses as become known as this matter progresses.

Respectfully submitted this 10th day of April, 2007.

*/s/ Christopher J. Hughes*
Christopher J. Hughes (HUGHC2886)
Attorney for Defendant Stanley Shaw

OF COUNSEL:
**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Facsimile (334) 745-3506
hughes@samfordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been filed using the electronic filing system in the District Court for the Middle District of Alabama and served on all of the parties and attorneys of record in the above-styled cause by First Class United States Mail, postage prepaid, on this the 10th day of April, 2007.

Joseph M. Tucker
P.O. Box 90
LaFayette, Alabama  36862

*/s/ Christopher J. Hughes*
OF COUNSEL