IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| **Jerry Morgan and** )<br>**Emma Morgan,** )<br>          PLAINTIFFS, )<br>                                                  )<br>          vs.                                          )<br>                                                  )<br>**Stanley Shaw and** )<br>**Gordon Brown** )<br>          DEFENDANTS, ) | Case No. 3:07-CV-00276-MHT |

## OBJECTION TO REMOVAL AND MOTION TO REMAND CASE TO THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

COMES NOW, Your Plaintiffs and move this Honorable Court to remand this cause to the Circuit Court of Chambers County, Alabama and as grounds therefore Your Plaintiff makes the following assertions and arguments:

1.  That on March 30, 2004 the Defendant Shaw filed with this court a Notice of Removal based on diversity jurisdiction under Title 25, United States Code Section 1332.

2.  The Defendant Shaw alleges that the Defendant Brown was fraudulently joined in the original complaint and argues essentially a Summary Judgment motion as to the pleading of Count III against the Defendant Brown.  The burden is on the removing party and is a heavy burden.  *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368 (11th Cir. 1998).  The removing party must prove the allegations of fraudulent joinder by clear and convincing evidence.  Any misjoinder must be egregious.  *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d (M.D. Ala. 2001).  "In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Pacheco de Perez, 139 F.3d at 1380-1381* (quoting *Crowe v. Coleman,*

1

*113 F.3d 1536, 1538 (11th Cir. 1997))*.

    3.  Although the pleadings are sufficient on their face the Defendant asserts a factual argument on whether the Plaintiffs can prove an element of the fraud alleged.

    4.  In the case at hand, the Plaintiffs' home, and all of their paperwork, burned. The Defendants refused to provide the Plaintiffs with any information regarding insurance proceeds from the hazard insurance taken out on the home by the Defendants Shaw and Brown. Therefore the Plaintiffs were ignorant to the contents of the paperwork regarding the insurance claims and had only the representations of the Defendant Brown under which to proceed. This left their knowledge of the facts, as to the proceeds to which they are entitled, somewhat cloudy. In an attachment to the motion to transfer the fraud of the Defendant Brown is made clear. Both Defendants were named insureds to the policy under which the proceeds in question were paid. This policy was the policy referred to in Paragraph 8 of the sales agreement in question that required the Seller to maintain a fire, hazard, and windstorm policy. The policy included some coverage for personal property. The policy probably named both Defendants because of the transfer of the property from the Defendant Brown to Defendant Shaw after the Defendant Brown made the agreement to sell the property to Plaintiffs and before the agreement was finally reduced to writing on the request of the Plaintiff Jerry Morgan.

    5.  This brings to light the true nature of the fraud perpetrated by the Defendant Brown. This state of affairs constitutes an additional action against the Defendants as shown in the Supplement to the Complaint wherein Defendant Brown, as well as Defendant Shaw, are alleged to have breached a fiduciary duty owed to the Plaintiffs as established by Alabama law. ". . . the creditor may retain for himself only the amount of the debt due at the time of the death of the insured together with any such amount as he

2

may have paid to preserve the policy, holding the proceeds in excess thereof as trustee of the estate of the insured." *General Motors Acceptance Corporation et al. v. Claude Kendrick, Administrator,* 270 Ala. 25,115 So. 2d 487, (1959).  As to the fraud, even if the Defendant Shaw is correct and the Plaintiffs could not directly make a claim under the insurance policy, they could have participated in the process, and would have, but for the actions of Defendant Brown.  Purchasers under such contracts as was used here are deemed to have an "insurable interest" in the property. *Loventhal v. Home Insurance Co.*, 112 Ala. 108, 20 So. 419 (1895).

6.   Now that additional facts, formerly intentionally withheld by Defendant Shaw, have been revealed, it is clear that Brown accomplished his fraud on the Plaintiffs by breaching his fiduciary duty to Plaintiffs by receiving the insurance proceeds and withholding same from the Plaintiff.  Furthermore, had Brown not misrepresented the status of the insurance claim to Plaintiff, Plaintiff could have informed the insurance company of his equitable interest in the proceeds and the insurer could have addressed this claim in many ways, including negotiation or interpleader.   This action could have protected Plaintiffs' interest in the proceeds and the failure of Shaw and Brown to pay the funds rightfully owed to Plaintiffs avoided.  Therefore the damages suffered by Plaintiffs and resulting from the fraud of Defendant Brown, although not artfully drafted in the original complaint, is, at a minimum, in the amount of the insurance proceeds paid to Defendants.

7.  Additionally, using the information not previously provided, Plaintiffs have filed a supplement to the complaint to state an additional claim against Defendant Brown arising from the same facts and circumstances plead in the original complaint.  This supplement is proper and addresses any deficiency in the original claim against Defendant Brown and meets the requirements set forth in 28 U.S.C. §1447(e) and the opinion of this court rendered in Civil Action No. 2:05CV783-SRW(WO) .

Wherefore, your Plaintiffs respectfully submit that this court does not have jurisdiction because the Defendant Brown, a citizen of the state of Alabama, was and is properly a party Defendant to this action. There was never proper diversity of the parties in this action and this matter should never have been removed to this court. Thus, Plaintiffs request that this matter be remanded to the Circuit Court of Chambers County, Alabama.

This the 15th day of April, 2007.

        s/ Joseph M. Tucker
Joseph M. (Mac) Tucker
Bar Number: ASB-0821-T74J
Attorney for Plaintiffs
Post Office Box 90
LaFayette, Alabama 36862
Telephone: (334)864-0090
Facsimile: (334)864-7180
JMTuckerLaw@aol.com

## CERTIFICATE OF SERVICE

I, Joseph M. Tucker, do hereby certify that on the 15th day of April, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher J. Hughes, Esq.
Hughes@samfordlaw.com

        s/ Joseph M. Tucker
Joseph M. (Mac) Tucker