# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **JERRY MORGAN and** | * | |
| **EMMA MORGAN,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **Case No. 3:07-cv-276** |
| | * | |
| **STANLEY SHAW and** | * | **Formerly Chambers County** |
| **GORDON BROWN,** | * | **Circuit Court Case No: CV-06-224** |
| | * | |
| | * | |
| **Defendants.** | * | |

## MOTION TO DISMISS AMENDMENT ONE TO THE COMPLAINT

Comes now defendant Stanley Shaw, by and through council and pursuant to Rule12(b)(1),(2), and (6), move this Honorable Court to dismiss Amendment One to the Complaint (Doc. 5) and states as follows:

1.      The Defendant incorporates all defenses and denials set forth in his answer to the plaintiff's original Complaint (Doc. # 6) attached hereto as Exhibit "A".

2.      The Defendant avers that this Honorable Court lacks jurisdiction over Gordon Brown, who is fraudulently joined. See Notice of Removal (Doc.#1) attached hereto as Exhibit "B".

3.      The defendant avers that Amendment One to the Complaint fails to state a claim upon which relief may be granted.

4.      The Complaint (Doc. #1-3) states that Stanley Shaw is the "Seller" of the subject property who executed the "Contract for Deed" upon which the Plaintiffs base

their claims (¶ 5). The Complaint further alleges at ¶ 9 that the contract required the Plaintiffs or Shaw to retain fire insurance on the property.

5.     The Complaint (Doc. #1-3) alleges at ¶10 that Shaw, the seller, did so. The Complaint further alleges at ¶15 that the contract provided that Shaw, the seller, was to apply all insurance proceeds to the sales price and to pay any surplus to the Plaintiff and (¶16) that Shaw, the seller, collected insurance proceeds for personal property of the Plaintiff's.

6.     The Complaint (Doc. #1-3) further alleges at ¶ 20 that the seller, Shaw, failed to apply any of the insurance proceeds as prepayment on the contract, and "failed to remit to the Plaintiffs any surplus proceeds to which they would be entitled after prepayment." This is presumably the basis of Count II of Complaint, alleging breach of contract against "Defendant", who necessarily must be Shaw, the seller (¶25).

7.     Amendment One to the Complaint (Doc.#5) simply recharacterizes the aforementioned breach of contract allegations, adds Gordon Brown's name and attempts to relabel it as a breach of fiduciary duty. The Plaintiffs have already averred in the original Complaint that this alleged duty to pay excess insurance proceeds is a function of the contract between the Plaintiffs and Stanley Shaw (¶¶ 5,9,10,13; exhibit "A" to the Complaint).

8.     It is undisputed that any duty to pay insurance proceeds arises under the contract between the Plaintiffs and Shaw made the basis of the Complaint. Any duty that may exist to pay insurance proceeds to the Plaintiffs is one imposed by the contract. Gordon Brown is not a party to that contract.

9.    In fact, the relief sought by the Plaintiffs is for the Court to "[r]equire that the Defendants Shaw and Brown pay all excess insurance proceeds to the Plaintiffs". (Doc.#5, ¶ A.)  This is precisely what the Plaintiffs contend, in their original Complaint, is the contract breach which Shaw committed. (Doc.#1, Attachment #2 ¶¶ 19, 20).

10.    There is no assertion in either the Complaint or Amendment One to the Complaint of any confidential relationship between Brown or Shaw and the Plaintiffs which would give rise to a fiduciary duty on his part.  "Alabama law clearly does not imply a fiduciary duty to debtor-creditor relationships."  Gulf States Steel, Inc. v. Lipton, 765 F. Sipp.696, 703, (N.D. Ala. 1990).

11.    Amendment One to the Complaint states no new valid cause of action; it redundantly restates the allegations already pleaded in the original Complaint under a different label in an attempt to destroy diversity jurisdiction.

12.    Alabama substantive law is that fraud claims should not become surrogates for breach of contract claims.  SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Company, Inc., 931 So. 2d  706, 711 (Ala. 2005), citing, Southern Energy Homes Inc., v. AmSouth Bank of Alabama, 709 So. 2d 1180, 1187 (Ala. 1998).  Alabama and Eleventh Circuit cases have held "that a party may not avoid broad language in an arbitration clause by casting its complaint in tort rather than contract", E.C.S., Inc. v. Goff Group, 880 So. 2d 1140 (Ala. 2003); McBro Planning and Development Co. v. Triangle Elect. Const. Co., 741 F  2d 342, 344 (11 th Cir. 1984); neither should a party avoid removal by attempting to test its complaint in tort rather than contract in an attempt to destroy diversity.

13.     Wherefore, the premises considered, Defendant Shaw respectfully requests that Amendment One to the Complaint be dismissed.

Respectfully submitted this 20th day of April, 2007.

*/s/ Christopher J. Hughes*
Attorney for Stanley Shaw
P.O. Box 2345
Opelika, AL 36803

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing document has been filed using the electronic filing system in the District Court for the Middle District of Alabama and served on all of the parties and attorneys of record in the above-styled cause by First Class United States Mail, postage prepaid, on this the 20th day of April, 2007.

Joseph M. Tucker
P.O. Box 90
LaFayette, Alabama  36862

*/s/ Christopher J. Hughes*
OF COUNSEL

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **JERRY MORGAN and** | * | |
| **EMMA MORGAN,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **Case No. 3:07-cv-276** |
| | * | |
| **STANLEY SHAW and** | * | **Formerly Chambers County** |
| **GORDON BROWN,** | * | **Circuit Court Case No: CV-06-224** |
| | * | |
| | * | |
| **Defendants.** | * | |

### <u>ANSWER</u>

COMES NOW Defendant Stanley Shaw, by and through counsel and in response to the Complaint states as follows:

1.   Admitted.

2.   Admitted.

3.   This Defendant denies the averments set forth in paragraph three and demands strict proof thereof.

4.   Admitted.

5.   The Defendant denies the averments and allegations set forth in paragraph five and demands strict proof thereof. The Defendant denies that the contract attached to the complaint as exhibit "A" is a true and correct copy of any operative contract and demands strict proof thereof.

6.    This Defendant denies the allegations set forth in paragraph six and demands strict proof thereof.

7.    This Defendant denies the allegations set forth in paragraph seven and demands strict proof thereof.

8.    This Defendant denies the allegations set forth in paragraph eight and demands strict proof thereof.

9.    This Defendant denies the allegations set forth in paragraph nine and demands strict proof thereof.  This Defendant avers that any applicable contract speaks for itself.

10.   This Defendant admits that he maintained a policy of rental dwelling insurance on the subject premises.   Otherwise, this Defendant denies the allegations set forth in paragraph ten and demands strict proof thereof.

11.   This Defendant denies the allegations set forth in paragraph eleven and demands strict proof thereof.

12.   This Defendant denies the allegations set forth in paragraph twelve and demands strict proof thereof.  This Defendant avers that any applicable contract speaks for itself.

13.   This Defendant denies the allegations set forth in paragraph thirteen and demands strict proof thereof.  This Defendant avers that any applicable contract speaks for itself.

14.   This Defendant lacks sufficient information to admit nor deny the allegations set forth in paragraph fourteen at this time, hence denied.

15.   This Defendant denies the allegations set forth in paragraph fifteen and demands strict proof thereof.

16.   This Defendant denies the allegations set forth in paragraph sixteen and demands strict proof thereof.

17.   This Defendant denies the allegations set forth in paragraph seventeen and demands strict proof thereof.  This Defendant avers that any applicable contract speaks for itself.

18.   This Defendant lacks sufficient information to admit or deny the averments set forth in paragraph eighteen at this time, hence denied.

19.   This Defendant denies the allegations set forth in paragraph nineteen and demands strict proof thereof.  This Defendant avers that the applicable contract speaks for itself.

20.   This Defendant denies the allegations set forth in paragraph twenty and demands strict proof thereof.

21.   This Defendant denies the allegations set forth in paragraph twenty-one and demands strict proof thereof.

22.   This Defendant denies the allegations set forth in paragraph twenty-two and demands strict proof thereof.

23.   This Defendant denies the allegations set forth in paragraph twenty-three and demands strict proof thereof.

24.   This Defendant denies the allegations set forth in paragraph twenty-four and demands strict proof thereof.

25.  This Defendant denies the allegations set forth in paragraph twenty-five and demands strict proof thereof.

26.  This Defendant avers that paragraph twenty-six requires no response.

27.  This Defendant denies the allegations set forth in paragraph twenty-seven and demands strict proof thereof.

28.  This Defendant denies the allegations set forth in paragraph twenty-eight and demands strict proof thereof.

29.  This Defendant denies the allegations set forth in paragraph twenty-nine and demands strict proof thereof.

30.  This Defendant denies the allegations set forth in paragraph thirty and demands strict proof thereof.

31.  This Defendant denies each and every material allegation set forth in Count I and demands strict proof thereof.

32.  This Defendant denies each and every material allegation set forth in Count II and demands strict proof thereof.

33.  This Defendant denies each and every material allegation set forth in Count III and demands strict proof thereof.

34.  This Defendant denies each and every material allegation set forth in the Complaint, not herein admitted, and demands strict proof thereof.

35.. This Defendant affirmatively avers that the Complaint, and Counts I, II, and III thereof, fail to state a claim upon which relief may be granted.

36. This Defendant affirmatively pleads the Plaintiffs defaulted on payment of the contract, causing it to lapse.

37. This Defendant affirmatively avers that the contract made the subject of the Complaint is void and/or voidable.

38. This Defendant affirmatively pleads the Complaint fails to join a party pursuant to Rule 19, F.R.Civ.P.

39. This Defendant affirmatively avers that the venue of this matter is improper in the Circuit Court of Chambers County, Alabama; it is proper in the United States District Court for the Middle District of Alabama, Eastern Division.

40. This Defendant affirmatively avers that the Plaintiffs may not recover punitive damages for breach of contract, specific performance, or any equitable or contract-related claims.

41. This Defendant affirmatively avers that the Plaintiffs may not recover damages for mental anguish and/or suffering for specific performance, breach of contract or any equitable or contract-related claims.

42. This Defendant affirmatively pleads the Plaintiffs are not entitled to recover attorney's fees for any claim set forth in the Complaint.

43. This Defendant affirmatively avers that the contract attached to the Complaint as exhibit "A" is not a true and accurate copy of any operative contract which existed between the parties to this suit.

44. This Defendant affirmatively pleads judicial esstoppel, or any other relief to which he may be entitled arising out of any bankruptcy proceeding to which either Plaintiff was a party.

45. This Defendant affirmatively pleads waiver and/or esstoppel.

46. This Defendant affirmatively pleads failure of consideration.

47. This Defendant affirmatively pleads failure of the Plaintiffs to perform their obligations pursuant to the contract made the subject of this suit.

48. This Defendant affirmatively avers the Plaintiffs lack standing to bring this cause of action.

49. This Defendant affirmatively pleads lack of consideration.

50. This Defendant affirmatively pleads the Plaintiffs failed to mitigate their damages.

51. This Defendant affirmatively pleads he is entitled to a credit or setoff for any payment or indemnifications the Plaintiffs have or will receive from any insurer or other collateral source.

52. This Defendant affirmatively pleads the statute of frauds.

53. This Defendant affirmatively pleads fraud on the part of the Plaintiffs.

54. This Defendant affirmatively pleads the Plaintiffs are not entitled to have punitive damages determined by a jury.

55. This Defendant affirmatively pleads any other matter constituting an avoidance or affirmative defense.

56. This Defendant affirmatively pleads unclean hands.

57. This Defendant affirmatively avers that the relevant, operative contract, if any, existing between parties to the suit is the best evidence of its contents and is pleaded herein as though copied in its entirety. This Defendant specifically denies any allegations which tend to contradict, contravene, or enlarge upon the terms, exclusions or limitations of said contract.

58. This Defendant affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the applicable contract, if any, as a defense to the Plaintiffs' claims.

59. This Defendant affirmatively pleads the applicable statute of limitations.

60. This Defendant affirmatively pleads laches.

61. This Defendant affirmatively avers that specific performance cannot be enforced against him pursuant to ALABAMA CODE §8-1-40 (1975).

62. This Defendant affirmatively pleads any obligations which may not be specifically enforced pursuant to ALABAMA CODE §8-1-41 (1975).

63. This Defendant affirmatively avers that the Plaintiffs have not fully and fairly performed all conditions precedent, hence specific performance may not be enforced pursuant to ALABAMA CODE §8-1-42 (1975).

64. This Defendant affirmatively pleads failure of mutuality pursuant to ALABAMA CODE §8-1-43 (1975).

65. This Defendant affirmatively pleads any and all defense available pursuant to ALABAMA CODE §§8-1-40 through 8-1-47 (1975).

66.  This Defendant denies any conduct for which punitive damages may be recovered.

67.  This Defendant affirmatively avers that imposing damages for mental anguish or emotional distress is unconstitutional under the United States Constitution and the Constitution of the State of Alabama. Current Alabama procedures relative to damages for mental anguish and emotional distress provide no objective, logical or reasonable standards or criteria to govern the award of such damages; therefore this Defendant are denied due process and equal protection of the laws as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 10, 11, 13 and 22 of the Alabama Constitution (1901) separately and severally.

68.  This Defendant affirmatively avers that there are no procedural safeguards for the imposition of damages for emotional distress and mental anguish. Therefore, because such damages are left to the discretion of the jury, any such award would be improper and unconstitutional.

69.  This Defendant denies engaging in any conduct for which punitive damages may be recovered.

70.  Plaintiffs= claim for punitive damages against Defendant  is unconstitutional in violation of both the United States Constitution and the Constitution of Alabama for the following reasons:

(a)   The imposition of punitive damages against this Defendant without specific standards for the award of punitive damages violates equal protection and due process of law.

(b)   The standards provided to juries to assess punitive damages in the State of Alabama are void for vagueness and in violation of equal protection and due process of law.

(c)   The imposition of punitive damages against this Defendant should require substantial evidence that this Defendant engaged in intentional or malicious conduct.  Punitive damages should not be recovered for any conduct less than intentional or malicious.

(d)   The current judicial procedure for the review of and award of punitive damages is meaningless and illusory and violates equal protection and due process of law.  There are not sufficient standards of review to comport with due process and equal protection.

71. This Defendant affirmatively avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant  under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

72. This Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to Defendant   under the Sixth Amendment to the Constitution of the United States.

73. This Defendant affirmatively avers that they are violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages which are penal in nature yet compel this Defendant to disclose potentially incriminating documents and evidence.

74. Plaintiffs= claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)   It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

75. Plaintiffs= claim of punitive damages violates the Due Process Clause of Article I, ' 6 of the Constitution of Alabama for the same grounds as stated above.

76. The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

77. The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, ' 22 of the Constitution of Alabama.

78. The Complaint fails to state a claim for punitive damages under '' 6-11-20 to 6-11-30, <u>Ala. Code</u>, 1975, and is barred.

79. The recovery of punitive damages by the Plaintiffs in this case is subject to the limitations enacted by the Alabama Legislature and set forth in <u>Alabama Code</u> ' 6-11-21.  Defendant submit that those legislative enactments are still in force and effect and that the Alabama Supreme Court cannot abolish said limitations by judicial action.

80. Any award of punitive damages against Defendant  in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on the following grounds:

(a)   It is a violation of this Defendant=s rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b)   It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c)   It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d)   It is a violation of this Defendant=s  rights to due process to impose punitive damages which are grossly excessive.

81. Any award of punitive damages against Defendant in this action would violate the due process clause of the Fourteenth Amendment of the United States Constitution, in accordance with the decision of the United States Supreme Court in *State Farm Mutual Automobile Insurance Company v. Campbell,* 123 S.Ct. 1513, 155 L.Ed. 585 (2003).

82. This Defendant avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to Code of Alabama ' 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

83 This Defendant reserves the right to plead such other avoidances or affirmative defenses as become known as this matter progresses.

Respectfully submitted this 10th day of April, 2007.

*/s/ Christopher J. Hughes*
Christopher J. Hughes (HUGHC2886)
Attorney for Defendant Stanley Shaw

OF COUNSEL:
**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Facsimile (334) 745-3506
hughes@samfordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been filed using the electronic filing system in the District Court for the Middle District of Alabama and served on all of the parties and attorneys of record in the above-styled cause by First Class United States Mail, postage prepaid, on this the 10th day of April, 2007.

Joseph M. Tucker
P.O. Box 90
LaFayette, Alabama  36862


*/s/ Christopher J. Hughes*
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

RECEIVED

| | | |
|---|---|---|
| JERRY MORGAN and | * | 2007 MAR 30  P 2: 43 |
| EMMA MORGAN, | * | |
| | * | DEBRA P. HACKETT, CLK |
| Plaintiffs, | * | U.S. DISTRICT COURT |
| | * | MIDDLE DISTRICT ALA |
| vs. | * | Case No. 2007- 3:07CV276~mht |
| | * | |
| STANLEY SHAW and | * | Formerly Chambers County |
| GORDON BROWN, | * | Circuit Court Case No: CV-06-224 |
| | * | |
| | * | |
| Defendants. | * | |

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

### NOTICE OF REMOVAL

COME NOW defendant Stanley Shaw ("Shaw"), and gives notice of removal of
the above-styled action from the Circuit Court of Chambers County, Alabama to the
United States District Court for the Middle District of Alabama, Eastern Division.  As
grounds for the removal of this action, the defendant aver the following:

#### Introduction and Commencement of the Case

1.     Jerry Morgan and Emma Morgan rented the premises located at 217 Glass
Road, Valley, Chambers County, Alabama from, first, Gordon Brown and later from
Stanley Shaw.  On or about November 30, 2004 the Morgans and Stanley Shaw entered
into a lease-purchase type instrument entitled "Contract for Deed" whereby over time the
Plaintiffs would purchase the aforementioned residence.  On or about March 2, 2005 the
house at 217 Glass Road burned.

The Plaintiffs claim as a result that they suffered compensatory damages, mental anguish and suffering, and that Shaw and Brown are also liable for punitive damages as well as interest, cost, and attorney's fees (see Complaint, Exh. "B").

## Amount in Controversy

6.     The plaintiffs' claim exceeds seventy-five thousand dollars ($75,000), exclusive of costs and interest.  The Complaint requests title to property, claims damages for breach of contract "in excess of $10,000.00", an unspecified amount of compensatory and punitive damages for fraud and an unspecified amount of damages for mental anguish and suffering.  (*See* Complaint, Exh. "B").

7.     While the Complaint seeks an undetermined amount of damages in excess of $10,000.00, as paragraph 5 indicates, the Plaintiffs' claims deal with a residence with a purchase price of $43,500.00 (Exh. "B", ¶ 5) which burned.  The Plaintiffs contend seller Shaw was required to maintain a fire, hazard and windstorm policy on the premises (Exh. "B", ¶ 10) for which the Plaintiffs allege they reimbursed Shaw for premiums (Exh. "B", ¶ 11).  Said policy is attached as exhibit "1" to exhibit "C", the affidavit of Stanley Shaw. As the affidavit and exhibit "2" thereto indicate, pursuant to the aforementioned policy State Farm Fire and Casualty Company paid $58,525.95 for damage and debris removal to the subject premises.

8.     The suit, then, involves the apportionment of this $58,525.95 insurance payment (Exh. "2" to Exh. "C"), credit for the $43,500.00 sales price of the burned house, title to the lot on which the house sat (Exh. "B", Count I) valued at approximately

$7,500.00 (affidavit of Monroe Smith attached as exhibit "D") as well as unspecified damages for mental anguish and suffering, and punitive damages.

9.     As mentioned above, the plaintiffs' complaint seeks an undetermined amount as damages. In *Fowler v. Provident Life and Accident Ins. Co.*, 256 F.Supp.2d 1243, 1249 (N.D. Ala. 2003), the court explained that "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a **preponderance of the evidence** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." (*citing Tapscott v. MS Dealer Servs. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)) (emphasis added). In determining whether the requisite amount in controversy exists to support federal jurisdiction, it is well settled that "the defendant bears the burden, **albeit the light burden**, of showing that the required amount is in controversy. To do so, defendants must show only that it **does not** appear to a legal certainty that the claim is for less than the jurisdictional amount." *Locklear v. State Farm Mut. Automobile Ins. Co.*, 742 F.Supp. 679, 680 (S.D. Ga. 1989) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)) (emphasis added).

10.     Plaintiffs' complaint is "indeterminate" because plaintiffs did not set forth the amount of their compensatory damage claim and the issue of removal is determined on the basis of the complaint before the court at the time of removal. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). "An indeterminate complaint . . . does not show that the case is not removable, it simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574 (S.D. Ala. 1986). In such cases, federal courts have "the duty to independently determine the propriety of

- 4 -

jurisdiction." *Id.* at 575. In doing so, "it is appropriate to look to the removal petition to ascertain jurisdiction. The defendant need not simply rely on the facts stated in the complaint, particularly when the crucial facts determining jurisdiction are within the defendant's knowledge anyway." *Id.*

11.    Further, in determining whether the amount in controversy requirement has been met, "the court must consider a claim for punitive damages 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F.Supp. 1388, 1389 (M.D. Ala. 1998) (*citing Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987). Shaw and Brown in no way concede the fact that any wrong was committed, or that punitive damages are appropriate in this case (and in fact deny the same). However, it is entirely plausible that a punitive damage award combined with the compensatory damage relief sought by plaintiffs could exceed the jurisdictional amount.

12.    Reviewing the plaintiffs' claims as a whole, defendants Shaw and Brown aver that they have met the evidentiary burden set forth in *Lowe's* requiring these defendants to "only show 'by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement.'" 995 F.Supp at 1389 (*quoting Tapscott*, 77 F.3d at 1357).

### Citizenship of the Parties

13.    The plaintiffs are residents of Alabama.  (*See* Exh. "B" ¶¶ 1, 2).  The defendant Shaw is a resident of Troup County, Georgia.[1]  (*See* affidavit of Stanley Shaw, attached as Exh. "C").  Brown's citizenship (Alabama) should be disregarded because, as discussed in detail below, he was improperly/fraudulently joined as a defendant in this matter, and because the plaintiffs' only possibly viable claims in this case are asserted against Shaw, not Brown.

### Defendant Brown is Fraudulently Joined

14.    "Any civil case filed in state court may be removed by the Defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996).  "The citizenship of a resident Defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction." *Sellers v. Foremost Ins. Co.,* 924 F.Supp. 1116, 1117 (M.D. Ala. 1996).

15.    Joinder is deemed fraudulent in three situations:  first, when there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant; second, when there is outright fraud in the Plaintiff's pleading of jurisdictional facts; and third, "where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998).  In the case at

---

[1] The complaint incorrectly alleges that Shaw is a resident of Chambers County, Alabama.  (*See* Exh. "C", ¶ 3).

bar, the Complaint incorrectly alleges in ¶ 3 "that the Defendant, Stanley Shaw, is over

the age of nineteen (19) years and is a resident of Chambers County, Alabama." In fact,

Stanley Shaw is an adult resident of Troup County, Georgia (Affidavit of Shaw, exhibit

"C"). This means that, as the face of the Complaint indicates, the only non-diverse

defendant is Gordon Brown, a resident of Chambers County, Alabama.

     16.    Count III is the only count of the Complaint that can be interpreted as

making a claim against Alabama citizen Brown. Count III states in pertinent part as

follows:

> 27.    That Defendant Gordon Brown, acting as agent
> for Seller [Shaw], discussed with the Plaintiffs the
> payment of insurance proceeds for the residence and
> various items of personal property located within the
> residence. Mr. Brown represented to the Plaintiffs that
> any and all proceeds concerning personal property
> owned by the Plaintiffs would be claimed against the
> insurance company and the proceeds delivered to the
> Plaintiffs.

> 28.    That the Plaintiffs relied on the
> misrepresentation in that they did not file a claim for
> their personal property with the insurance company.

The only allegation against Brown, then, is one for fraud. The elements

which need be proved are as follows:

> The requisite elements of a fraud claim are (1) a
> misrepresentation, (2) of a material existing fact, (3)
> relied upon by the Plaintiff, (4) *who is damaged as a
> proximate result of the alleged misrepresentation.*

*Bowker v. Willis,* 580 So.2d 1333, 1334 (Ala. 1991) (emphasis supplied by the court);

*Pescia v. Auburn Ford-Lincoln Mercury, Inc.,* 68 F.Supp.2d 1269, 1276 (M.D. Ala.

1999) ALABAMA CODE § 6-5-101 (1975). A plaintiff must present sufficient evidence as to each element of fraud. *Holton v. Blue Cross and Blue Shield of South Carolina,* 56 F.Supp.2d 1338, 1344 (M.D. Ala. 1999) (discussing summary judgment). For their fraud claim to be viable, the plaintiffs must be *damaged* as *a proximate result* of reasonable reliance upon the defendant's misrepresentation. *Bosarge Offshore, L.L.C. v. Compass Bank,* 943 So.2d 782, 786 (Ala. 2006).

17.    In the case at bar, assuming all inferences in favor of the Plaintiff, they allege Defendant Shaw was required by the contract to, and did, maintain a "fire, hazard, and windstorm policy" of insurance (Complaint, ¶¶ 9-10); that following the fire made the subject of this suit Gordon Brown, acting as Shaw's agent, represented that personal property of the Plaintiffs would be claimed against the aforementioned insurance policy, and the proceeds delivered to the Plaintiffs (Complaint ¶ 27); and that the Plaintiffs detrimentally relied on this "in that they did not file a claim for their personal property" under Shaw's fire policy (Complaint ¶ 28).

18.    Assuming for purposes of this pleading that Brown did make the alleged misrepresentation, and the Plaintiffs relied upon it, said reliance did not proximately cause any of their alleged damages. The subject insurance policy (attached hereto as exhibit "1"to Shaw's affidavit, exhibit "C") clearly does not provide coverage for the personal property of the Plaintiffs. Indeed, typical rental dwelling policies never do. The policy contains the following pertinent definition:

> "You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a

resident of your household. "We", "us" and "our"
mean the Company shown in the **Declarations**.

(exhibit "1" to exhibit "C" at p. 1). The same policy page at ¶ 4 defines "**insured**" as the

"**named insured**" as "designated in the **declarations**" (exhibit "1" to exhibit "C", at p.

1).

19. The "named insured[s]" under the policy are not the Morgans (exhibit "1"

to exhibit "C", declarations page). This is not unusual, and is the reason why renters, or

people like the Morgans who "lease to own" a premesis typically obtain renter's

insurance to cover their personal property. In fact, the very contract upon which the

Plaintiffs rely states in pertinent part as follows:

> **Content Insurance:** Purchaser shall be solely
> responsible for obtaining insurance of the contents,
> insuring contents owned by Purchaser. Seller shall be
> solely responsible for obtaining insurance on all
> contents owned by Seller.

(Contract made a part of the Complaint, Exh. "B").

The subject policy provides personal property coverage as follows:

> We [the insurer] cover personal property owned or
> used by any **insured** [named insured] which is rented
> or held for rental with the **resident premises** for use of
> the maintenance of the **resident premises**. This
> coverage applies only while the personal property is on
> the **resident premesis** or temporarily off premises for
> repairs.

(exhibit "1" to exhibit "C" at p. 2).

20. Even if the Plaintiffs had relied on Brown's alleged misrepresentation, and

had made a claim against the applicable fire policy, there would have been no coverage

available. Refraining from making a claim did not proximately cause the Plaintiffs to lose any insurance proceeds under the applicable policy; there would have been no coverage whether they made a claim or not.

21.    A plaintiff can reasonably rely upon a misrepresentation yet still not be damaged as a proximate result; in that case the fraud claim is nonetheless not viable. In *Bosarge, supra,* the plaintiffs' fraud claim failed where there was no specific evidence that they were actually harmed by the alleged misrepresentation and there was, therefore, no detrimental reliance. 943 So.2d at 788.

22.    In that case styled *Fisher v. JMIC Life Insurance Company, Inc.,* 697 So.2d 57 (Ala.Civ.App. 1997) Fisher purchased an automobile. She alleged the salesperson misrepresented that it was a "program" car; she later learned it had been repossessed from a previous owner. Fisher claimed that had she known the automobile had been repossessed she would not have bought it. *Id.* at 59. The court found no evidence that Fisher suffered any damage as a result of any representations that the car was a "program" car, so her fraud claim failed. *Id.* at 59.

23.    The plaintiff in *Bowker, supra,* alleged that restaurant franchisee Willis misrepresented that a Pasquale's pizza franchise was transferred to Bowker. Bowker alleged that she was damaged when after a year of operation she had to close the restaurant. 580 So.2d at 1334. The evidence, however, was that Bowker closed the restaurant because it failed to make enough money, not because the franchise was not transferred. *Id.* at 1334. Accordingly, although Willis may have made a representation,

and Bowker may have been damaged, it was not the proximate result of a reliance upon

Willis' representation. *Id.* at 1334.

24.     In *Pescia, supra,* the plaintiff alleged that Ford Motor Credit Company

fraudulently suppressed the results of an investigation into discrepancies in her sales

contract concerning the down payment and financing terms.    Pescia alleged that if

informed, she would have taken steps to clear up the discrepancy but failed to address

how she was injured thereby.    The court found that "there is no evidence that the

information which FMCC uncovered would have helped her in any way." *Id.* at 1285.

The court held that "[n]one of this information was of assistance to Ms. Pescia.  She has

failed to provide any evidence of detrimental reliance and, therefore, she fails to

demonstrate an essential element of her fraud claim against FMCC." *Id.* at 1285.  In the

case at bar, had the Morgans made a claim for personal property under the subject policy

it would not have mattered, since there was no coverage available.  Therefore there is no

detrimental reliance.

25.     The Morgans' claim is similar to that forwarded by the plaintiff in that case

styled *Wilson v. Gayfers Montgomery Fair Company,* 953 F.Supp. 1415 (M.D. Ala.

1996).    Wilson was a hearing impaired employee of Gayfers.    He alleged that his

employer represented that if he did not resign he would be terminated due to poor

performance evaluations. *Id.* at 1420.  After resigning Wilson suspected he had been

mistreated by his employer because of his disability and filed suit. *Id.* at 1420.

26.    Among Wilson's allegations was that "the defendants falsely represented
the reason for his termination and that he relied on that reason in tendering his
resignation." *Id.* at 1423. The court ruled as follows:

> Assuming *arguendo* that Wilson had not believed [the
> employer's] reason for his termination, i.e.,
> unsatisfactory job performance, and had not tendered
> his resignation, he still would have suffered the same
> damage: termination of his employment from Gayfers.
> It is clear to the court that whether Wilson resigned or
> not, Wilson's employment with Gayfers was at an end.
> Consequently, Wilson could not have legally suffered
> any damage as the result of any alleged
> misrepresentation. Because he is unable to establish
> one of the elements of this prima facia case of fraud,
> Wilson's entire conspiracy [to defraud] count must
> fail.

*Id.* at 1424.    Similarly, in the case at bar it is clear that whether the Morgans made a
claim against Shaw's fire policy or not, they would have been unable to recover for any
lost personal property. Accordingly, the fraud count must fail. Since the fraud count is
the only one directed to Alabama resident Brown, there exists complete diversity between
Plaintiffs and Defendant Shaw as to the remaining, viable claims. Therefore complete
diversity does exist for removal purposes.

### Service and Filing of Notice of Removal

27.    Notice of the Defendants' removal of the above-styled action has been
given to the Clerk of the Circuit Court of Chambers County, Alabama and to all adverse
parties, as required by 28 U.S.C. § 1446(d). (*See* Notice of Filing Notice of Removal,
attached as Exhibit "D").

- 12 -

28.    No admission of fact, law, or liability is intended by this notice of removal, and all defenses, motions, and pleas are expressly reserved.

**Conclusion**

29.    In summary:

    (a)    Plaintiffs Jerry Morgan and Emma Morgan, citizens of Alabama, are diverse in citizenship from Stanley Shaw, the only defendant from which a judgment might be obtained in this action;

    (b)    the amount in controversy exceeds $75,000, exclusive of interest and costs; and

    (c)    this Notice of Removal is timely filed within the time prescribed by 28 U.S.C. § 1446(b).

WHEREFORE, Defendant Stanley Shaw has removed this action from the Circuit Court of Chambers County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted this the ___36___ day of March, 2007.


_____
Christopher J. Hughes (HUGHC2886)
Attorney for Defendant Stanley Shaw

OF COUNSEL:
**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Facsimile (334) 745-3506
hughes@samfordlaw.com

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served on all of the Parties and Attorneys of record in the above-styled cause by First Class United States Mail, postage prepaid, on this the _30_ day of March, 2007.

Joseph M. Tucker
P.O. Box 90
LaFayette, Alabama 36862


_____
OF COUNSEL