IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY MORGAN and | * | |
| EMMA MORGAN, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Case No. 3:07-cv-276 |
| | * | |
| STANLEY SHAW and | * | Formerly Chambers County |
| GORDON BROWN, | * | Circuit Court Case No: CV-06-224 |
| | * | |
| | * | |
| Defendants. | * | |

## RESPONSE TO MOTION TO REMAND

COMES NOW Defendant Stanley Shaw, by and through counsel and in response to the Motion to Remand filed by the Plaintiff (Doc.# 7) states as follows:

1.  The case styled *Pacheco dePerez v. AT&T Co.,* 139 Fd.3d. 1368 (11th Cir. 1998), to which the Plaintiffs refer in their Motion to Remand states in pertinent part as follows:

> The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.

*Id.* at 1380. The Complaint (Doc. # 1-3) upon which Defendant Shaw based his Notice of Removal (Doc. # 1) contains only one possible claim which can be interpreted as being made against non-resident-defendant Brown, namely Count

III alleging fraud. As Shaw pointed out in the Notice of Removal this claim must fail because, based upon the Plaintiffs' pleadings at the time of removal, (specifically Doc.# 1-3, ¶¶ 27 and 28) the Plaintiffs could not as a matter of law have suffered damage as a result of the detrimental reliance described in the Complaint (Doc. # 1, ¶ 18-26). Nothing in the Motion to Remand (Doc. # 7) rebuts this. The Plaintiffs present no evidence or case law to indicate that Shaw's analysis is incorrect. Shaw avers, therefore, that the Plaintiffs have failed to show cause as to why Defendant Gordon Brown should not be dismissed as fraudulently joined, based upon the Plaintiffs' pleadings at the time of removal. *Pacheco dePerez, supra,* 139 Fd.3d at 1380.

2.   Paragraph 5 of Doc. # 7 refers to "the fraud perpetrated by the Defendant Brown." This necessarily has to be that which was alleged in Count III of the original Complaint (Doc. # 1-3), and which was addressed in the Notice of Removal (Doc. # 1). The Plaintiffs aver that even if they "could not directly make a claim under the insurance policy, they could have participated in the process, and would have, but for the actions of Defendant Brown." (Doc. # 7, ¶ 5). As set forth in the Notice of Removal, even if the Plaintiffs had participated in the process of making an insurance claim no damage would have proximately resulted therefrom; therefore there is no valid fraud claim.

3.   The Plaintiffs' Motion to Remand must, therefore, rely upon the allegations set forth in Amendment One to the Complaint (Doc. # 5), filed subsequent to the Notice of Removal (Doc. #5), and in response to which Defendant Shaw has filed

a Motion to Dismiss (Doc. # 12).    Defendant Shaw reavers and incorporates the arguments set forth in said Motion to Dismiss (Doc. # 12), made attachment # (1) hereto.

4.    Paragraph 4 of the Motion to Remand (Doc. #7) contains allegations not set forth in any pleading, and statements of alleged facts unsupported by affidavit. Defendant Shaw respectfully moves, therefore, that Doc. #7, ¶ 4 be stricken.

5.    Assuming, arguendo, that paragraph 4 is due to be considered, it commences with the statement that all the Plaintiffs' "paperwork" burned. Clearly, however, the alleged lease-purchase contract must have survived, as it is the basis of the Complaint and an attachment to it (Doc. # 1-3).   The Plaintiffs cannot, therefore, claim ignorance of the contents of the alleged contract which states at paragraph 8 that the Plaintiffs "shall be solely responsible for obtaining insurance of the contents, insuring contents by the Purchaser [Plaintiffs].  Seller [Shaw] shall be solely responsible for obtaining insurance on all contents owned by Seller [Shaw]."   (Exhibit "A" to Doc. # 1-3).   The Plaintiffs should not have been ignorant of this paperwork and there is no reason why their knowledge of it should be "somewhat cloudy."

6.    Further, the alleged contract, the Plaintiffs' Complaint, and paragraph 4 of the Motion to Remand (Doc. # 7) all make it clear that Gordon Brown was neither a party to the alleged contract, nor did he have any duty arising out of it. Gordon Brown owes no fiduciary duty to the Plaintiffs for anything.   He had no relationship to them, either confidential or arms-length, which would give rise to a

claim for breach of fiduciary duty. The alleged contract to sell the subject property to the Plaintiffs is one between the Plaintiffs and Shaw, not Brown (Exhibit "A" to Doc. # 1-3).

7. The Plaintiffs (Doc. # 7, ¶ 5) quotes the 1959 equity case styled *General Motors Acceptance Corporation v. Kendrick,* 270 Ala. 25 (1959), for the proposition that "the creditor may retain for himself only the amount of the debt due at the time of the death of the insured…" (Doc. #7, ¶ 5). In the case at bar, of course, Gordon Brown is not a creditor. He has no contractual relationship with the Plaintiffs whatsoever. Even in the original Complaint, the only role the Plaintiffs alleged Gordon Brown played was as that of Georgia resident Shaw's agent (Doc. # 1-3, ¶¶15, 27).

8. Paragraph 6 of the Motion to Remand makes vague references to fraudulent conduct which is not alleged in any pleading. The Plaintiffs contend Brown somehow accomplished a fraud by breaching a fiduciary duty. As previously argued, the Plaintiffs have never pleaded any relationship between Brown and them which would create a fiduciary duty. There is no evidence of any relationship at all between Brown and the Plaintiffs when the time the contract made the basis of the Complaint was executed, or when the fire made the basis of the Complaint occurred.

9. The Plaintiffs did plead in their Complaint that non-resident Defendant Shaw, the individual with whom they did allege a contractual relationship, was obligated by the alleged contract to maintain certain insurance and pay certain

insurance proceeds (Doc. #1-3).  The Plaintiffs alleged that Shaw breached this contractural duty.  This has nothing to do with Gordon Brown, who is not a party to any contract with the Plaintiffs at the time of the events giving rise to their suit.

10.	As alleged in the Plaintiffs' own Complaint Stanley Shaw agreed to sell the subject premises to the Plaintiffs.  Stanley Shaw executed an instrument entitled "Contract for Deed" with the Plaintiffs.  The alleged contract between Stanley Shaw and the Plaintiffs placed certain obligations upon Shaw and the Plaintiffs with respect to insurance policies and proceeds therefrom.  The Complaint alleges that the Plaintiffs made payment to Stanley Shaw, seller of the property, pursuant to the contract with him.  This dispute is one between the Plaintiffs and Stanley Shaw.  It has nothing to do with Gordon Brown.

	WHEREFORE, PREMISES CONSIDERED, for the reasons set forth herein as well as in the Notice of Removal (Doc. #1), Defendant Shaw respectfully requests that this Honorable Court rule that unserved Defendant Gordon Brown has been fraudulently joined and deny the Motion to Remand.

Respectfully submitted this 23rd day of April, 2007.

		*/s/ Christopher J. Hughes*
		Attorney for Stanley Shaw
		P.O. Box 2345
		Opelika, AL 36803

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing document has been filed using the electronic filing system in the District Court for the Middle District of Alabama and served on all of the parties and attorneys of record in the above-styled cause by First Class United States Mail, postage prepaid, on this the 23rd day of April, 2007.

Joseph M. Tucker
P.O. Box 90
LaFayette, Alabama  36862

                                            */s/ Christopher J. Hughes*
                                            OF COUNSEL